UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JIMMY GAVIN,

      Plaintiff,

v.                                                                          Case No:  8:15-cv-986-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## ORDER

Plaintiff, Jimmy Gavin, seeks judicial review of the decision of the Administrative Law

Judge ("ALJ") denying Plaintiff's claim for a continuing period of disability, disability insurance

benefits, and supplemental security income.  (Dkt. 19.)  In November of 2009, Plaintiff was

determined to be disabled, but in November of 2013, in the decision that is the subject of this

appeal, the ALJ determined that Plaintiff's condition has improved and Plaintiff's disability ended

in October of 2011.  In reaching this determination, the ALJ did not compare the medical evidence

supporting the 2009 determination that Plaintiff was disabled against Plaintiff's current medical

evidence.  Because a finding of medical improvement cannot be supported without such a

comparison, the ALJ's determination that Plaintiff is no longer disabled is not supported by

substantial evidence.  Therefore, the decision is reversed and the case is remanded.

## BACKGROUND

**A.**    **Procedural Background**

Plaintiff filed for disability insurance benefits and supplemental security income in July of

2007.  (Tr. 57, 159–172.)  In October of 2009, a hearing was held before an administrative law

judge at which Plaintiff testified.  (Tr. 62–76.)  At the hearing, the administrative law judge

determined that Plaintiff's chronic cervical lumbar pain, right shoulder pain, and right hand

numbness limited him to more than a sedentary residual functional capacity ("RFC"), and that his

pain and right hand numbness eroded his ability to do sedentary work.  (Tr. 74–75.)  Therefore,

the administrative law judge determined that Plaintiff was unable to return to his past work as a

carpenter or work at any job in significant numbers in the national economy.  (Tr. 68, 74–75.)  The

administrative law judge entered a decision in November of 2009 ("Comparison Point Decision"

or "CPD"), in which he adopted his facts and reasoning from the hearing and determined that

Plaintiff was disabled as of March 21, 2007 and was entitled to disability insurance benefits and

supplemental social security income.  (Tr. 13, 57–59.)

On October 6, 2011, the Regional Commissioner of the Social Security Administration

notified Plaintiff that the Commissioner determined that he was no longer disabled as of October

1, 2011 and that his benefit payments will cease in December of 2011.  (Tr. 13, 81–86.)  At the

time of the termination of his benefits, Plaintiff was 47 years old (Tr. 20) and had the following

impairments: degenerative disc disease of the cervical spine and chronic obstructive pulmonary

disease ("COPD").  (Tr. 15.)  The Disability Hearing Officer upheld this determination.  (Tr. 13,

97–106.)  Plaintiff filed a request for a hearing by an administrative law judge (Tr. 13, 107) and

the ALJ held a hearing on August 26, 2013, at which Plaintiff appeared and testified.  (Tr. 13, 28–

48.)

Following the hearing, on November 15, 2013, the ALJ issued an unfavorable decision,

finding that Plaintiff's disability ended as of October 1, 2011 and that Plaintiff had not become

disabled again since October 1, 2011.  (Tr. 13–22.)  Subsequently, Plaintiff requested review from

the Appeals Council, which the Appeals Council denied.  (Tr. 1–4.)  Plaintiff then timely filed a

complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.      Factual Background and the ALJ's Decision**

Plaintiff was born in 1964, has an eighth grade education, and has past relevant work experience as a carpenter, specifically doing framing and roofing. (Tr. 32–33, 159.) At the hearing before the ALJ, Plaintiff contended that his disability is continuing due to his spinal condition, neck and back pain, neuropathy in his hands and feet, and COPD. (Tr. 31–32.)

In her November 2013 decision, the ALJ concluded that Plaintiff's disability ended as of October 1, 2011. (Tr. 21–22.) The ALJ identified the CPD as the most recent favorable medical decision finding Plaintiff disabled and stated that, at the time of the CPD, Plaintiff had degenerative disc disease of the cervical spine, a disc bulge, and a right rotator cuff tear. (Tr. 15 at ¶¶ 1, 2.) The ALJ found that Plaintiff did not engage in substantial gainful activity through the date Plaintiff's disability ended. (Tr. 15 at ¶ 3.) The ALJ found that the medical evidence established that Plaintiff had degenerative disc disease of the cervical spine and COPD, but that his impairments did not equal the severity of an impairment found in Code of Federal Regulations, Part 404, Subpart P, Appendix 1 ("Listings). (Tr. 15 at ¶¶ 4–5.) Specifically, the ALJ examined Listing 1.04, relating to disorders of the spine, and Listing 3.02, relating to chronic pulmonary insufficiency, and determined that Plaintiff's impairments did not reach the severity set forth in the Listings. (Tr. 15 at ¶ 5.)

The ALJ determined that there was a medical improvement in Plaintiff's condition since the time of the CPD, enabling Plaintiff to perform "medium work." (Tr. 15–16 at ¶ 6.) In so concluding, the ALJ analyzed Plaintiff's medical records from July, October, and November 2011. (Tr. 16 at ¶ 6.) Records from a July 2011 physical examination showed, the ALJ explained, that

Plaintiff had no neurological abnormalities, "a normal gait and station, no clubbing, no cyanosis, no limitation of motion in [his] extremities," and a symmetrical neck that is devoid of abnormalities. (Tr. 345–347.) An October 2011 examination by Dr. Erick Grana, Plaintiff's pain management treating physician, revealed that Plaintiff's pain medication was working well and his condition had not significantly changed, although Plaintiff had tenderness in his suboccipital area. (Tr. 551.) In November of 2011, another of Plaintiff's treating physicians, Dr. Ivette Hernandez, noted that Plaintiff "had no new complaints." (Tr. 478.)

The ALJ next determined that Plaintiff's medical improvement was related to his ability to do work "because it resulted in an increase in [Plaintiff's RFC]." (Tr. 16 at ¶ 7.) Specifically, the ALJ found that Plaintiff's RFC, as of October 1, 2011, was "less restrictive" than at the time of the CPD and that Plaintiff is "now able to sustain competitive work at less than the full range of work at the light exertional level . . . ." (*Id.*) Although the ALJ found that Plaintiff's condition improved, the ALJ concluded that Plaintiff's impairments as of October 1, 2011, were severe because they more than minimally limited Plaintiff's ability to perform basic, work-related activities. (Tr. 15 at ¶ 4, 16 at ¶ 8.) Also, the ALJ determined Plaintiff's other medical conditions—diabetes, hypertension, degenerative disc disease of the lumbar spine, and obesity—are non-severe, but stated that "all associated limitations no matter how minimal, are considered throughout the decision." (Tr. 15 at ¶ 4.)

Next, because the ALJ found Plaintiff's impairments to be severe, the ALJ assessed Plaintiff's RFC as of October 1, 2011 and concluded that Plaintiff had the RFC to "perform light work," but that Plaintiff should (1) not crouch, crawl, or climb ladders, ropes, or scaffolds, (2) not be exposed to pulmonary irritants, unprotected heights, or dangerous machinery, and (3) only occasionally balance, stoop, or kneel. (Tr. 16 at ¶ 9.) In so finding, the ALJ found Plaintiff's

testimony as to the "intensity, persistence, and limiting effects" of his symptoms to be unsupported by objective medical evidence and therefore not credible.  (Tr. 17 at ¶ 9.)  Specifically, the ALJ determined that records from 2011 and 2012 pertaining to Plaintiff's chronic neck and back pain showed that his symptoms were mild, not worsening, and could be controlled by medication and "heat and rest."  (Tr. 18 at ¶ 9, 550, 614–650.)  As to Plaintiff's COPD, the ALJ noted Plaintiff's treating pulmonologist's October 2011 assessment that Plaintiff is disabled and unable to work (Tr. 515), but gave this assessment "some" weight only to the extent it was consistent with the Plaintiff's RFC and noted that the doctor may be unfamiliar with the defined term or was referring to Plaintiff's ability to do work he had done in the past.  (Tr. 18–19 at ¶ 9.)  The ALJ stated that it considered Plaintiff's tobacco use and reluctance to quit smoking despite having COPD, as well as Plaintiff's "generally unpersuasive appearance and demeanor" at the hearing.  (Tr. 19 at ¶ 9.)  Finally, the ALJ considered the opinions of the non-treating, medical consultants for the Commissioner to conclude that Plaintiff is no longer disabled.  (Tr. 19–20 at ¶ 9.)

Giving the vocational expert's testimony considerable weight, the ALJ found that, as of the date Plaintiff's disability ended, Plaintiff was unable to perform his past relevant work as a carpenter.  (Tr. 20 at ¶ 10.)  However, relying on the vocational expert's testimony and considering Plaintiff's age, educational level, work experience, and RFC, the ALJ concluded that Plaintiff is able to do jobs existing in significant numbers in the national economy, including jobs as a sales attendant, advertising material distributor, and silverware wrapper.  (Tr. 20–21 at ¶ 14.)  Therefore, the ALJ determined that Plaintiff's disability ended on October 1, 2011.  (Tr. 21 at ¶¶ 14–15.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The termination of existing benefits upon a finding that the claimant is no longer disabled must be supported by substantial evidence "that there has been medical improvement in the claimant's impairments related to his ability to work, and the claimant is now able to engage in substantial gainful activity."  *Klaes v. Comm'r, Soc. Sec. Admin.*, 499 F. App'x 895, 896 (11th Cir. 2012); *see* 42 U.S.C. 423(f)(1).  A medical improvement means a "decrease in the medical severity" of the claimant's impairment present at the time of the decision finding that claimant is entitled to benefits, which show improvements "in the symptoms, signs and/or laboratory findings" associated with the claimant's impairments.  20 C.F.R. § 404.1594(b)(1).

A finding of the claimant's medical improvement must be supported by a comparison of (1) the medical evidence supporting the decision finding the claimant's entitlement to benefits and (2) current medical evidence.  *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984); 20 C.F.R. § 404.1594(c)(1).  "Without such a comparison, no adequate finding of *improvement* could be rendered."  *Vaughn*, 727 F.2d at 1043 (emphasis in original) (reversing and remanding for failure to apply the proper legal standard, i.e., failure to compare the claimant's prior and current medical evidence to determine whether there was a medical improvement);  *Klaes*, 499 F. App'x at 897 (reversing and remanding because "[t]he ALJ did not mention, much less compare, the medical evidence of [claimant's] impairments . . . that was relied upon to make the original 2003 disability determination.").  This comparison is "necessary to avoid re-litigating the evidence presented in

support of the initial administrative decision." *Vaughn*, 727 F.2d at 1043; *Freeman v. Heckler*,

739 F.2d 565, 566 (11th Cir. 1984) (reversing for failure to apply the proper legal standard because

"the ALJ did not consider the issue of improvement but instead treated the case as though it were

an original application for benefits").

The following analysis must be employed in making a determination of whether a disability

is continuing, pursuant to Code of Federal Regulations, Title 20, Section 404.1594(f)(1)–(8): (1)

whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has an

impairment or combination of impairments meeting or equaling the severity of an impairment

found in the Listings; (3) whether there has been a medical improvement; (4) if there has been a

medical improvement, whether it is related to the claimant's ability to do work in accordance with

Code of Federal Regulations, Title 20, Sections 404.1594(b)(1)-(4), which requires an evaluation

of whether the claimant's RFC has increased based on the claimant's impairments at the time of

the decision finding the claimant's entitlement to benefits; (5) if there has not been a medical

improvement or if the medical improvement is unrelated to the claimant's ability to do work,

whether any of the exceptions in Code of Federal Regulations, Title 20, Sections 404.1594(d) or

(e)[1] apply; (6) if there has been a medical improvement that is related to the claimant's ability to

do work or if an exception found in Code of Federal Regulations, Title 20, Section 404.1594(d)

applies, whether the claimant's impairments are severe, according to Code of Federal Regulations,

Title 20, Section 404.1521, and considering the effect of the impairments on the claimant's ability

to function; (7) if the claimant's impairments are severe, whether the claimant can perform work

claimant has done in the past based on an assessment of the claimant's RFC using claimant's

---

[1] If an exception found in Code of Federal Regulations, Title 20, Section 404.1594(e) applies, then the claimant's disability has ended.  20 C.F.R. § 404.1594(f)(5).  If none of the exceptions found in Code of Federal Regulations, Title 20, Sections 404.1594(d) or (e) apply, then the claimant's disability is continuing.  *Id.*

current impairments; and (8) if the claimant cannot do the work the claimant has done in the past, whether the claimant can do other work given the claimant's RFC, age, education, and past work experience.  20 C.F.R. § 404.1594(f)(1)–(8).

If there is a medical improvement, determining whether it is related to the claimant's ability to do work requires assessing the claimant's RFC at the time of the decision finding the claimant's entitlement to benefits against the claimant's current RFC, which is based on the current severity of the impairments present at the time of the decision finding the claimant's entitlement to benefits. 20 C.F.R. § 404.1594(c)(2).

A determination that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. § 405(g).  The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  The Commissioner's failure to apply the correct law

or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis mandates reversal. *Id.*

## ANALYSIS

Plaintiff argues that the ALJ's finding that there has been a medical improvement in Plaintiff's condition since the CPD such that Plaintiff is no longer disabled was not supported by substantial evidence. (Dkt. 19.) Plaintiff seeks the reversal of the ALJ's decision or, alternatively, the remand of the case with directions to the ALJ "to obtain all of the medical records from the prior claims file including medical opinions . . . and to compare those opinions and records with the opinions and records in the current case." (Dkt. 19 at 9.)

Plaintiff argues that the ALJ did not have a complete record of the medical records immediately preceding the CPD. (Dkt. 19 at 5–6.) Specially, Plaintiff argues that, in order to determine that Plaintiff's condition has improved, the ALJ "must know what evidence was in the claims file at the time of the prior Administrative Law Judge decision," but that medical evidence that preceded the CPD "appears to be missing from the prior claims file." (*Id.*) Plaintiff states, however, that the ALJ had access to the prior claims file because portions of it are contained in the record. (Dkt. 19 at 6.)

Plaintiff argues that when the medical records immediately preceding the CPD are compared against medical records after the termination of Plaintiff's benefits, there is no significant difference in the findings and, in fact, Plaintiff's condition has worsened. (Dkt. 19 at 7–8.) In essence, Plaintiff argues that, because medical evidence underlying the CPD was not compared against current medical evidence, there was not substantial evidence supporting the ALJ's determination that Plaintiff's condition improved. Plaintiff's contentions warrant reversal

because the ALJ did not compare the medical evidence underlying the CPD against current medical evidence and, therefore, the ALJ's finding of a medical improvement is unsupported.

In support of her finding that there was a medical improvement in Plaintiff's condition, the ALJ cited only to medical evidence at the time Plaintiff was found to no longer be disabled—in July, October, and November of 2011—and did not compare this evidence to the medical evidence supporting the CPD. (Tr. 15–16 at ¶ 6.) Specifically, the ALJ cited to a July 2011 physical examination of Plaintiff stating that Plaintiff had a "normal gait and station, no clubbing, no cyanosis, no limitation of motion in [his] extremities, [and that Plaintiff's] neck was symmetrical and free of masses and abnormalities." (Tr. 16 at ¶ 6.) Further, Plaintiff's neurological examination revealed no abnormalities. (*Id.*) The ALJ cited to October 2011 treatment records from the physician treating Plaintiff's pain in his back, neck, and shoulder, Dr. Erick Grana, finding that Plaintiff was "doing well" with his current treatment, including medication to treat Plaintiff's pain, and had "no significant changes." (*Id.*) The ALJ noted that Dr. Grana diagnosed Plaintiff with neck and low back pain and, during Dr. Grana's examination of Plaintiff, Plaintiff experienced "tenderness to palpation in the suboccipital area including nerves and facet joints resulting in trigger points and muscle spasms." (*Id.*) Finally, the ALJ cited to Dr. Ivette Hernandez's November 2011 examination of Plaintiff in which Dr. Hernandez noted Plaintiff had "no new complaints." (*Id.*) The ALJ concluded, "[c]onsidering [Plaintiff's] treatment history," there was a medical improvement as of October 1, 2011. (*Id.*)

Although the ALJ's decision cites to *current* medical evidence to support her finding that there was a medical improvement, the ALJ fails to compare this current evidence to the evidence upon which the CPD was based and instead states that she "consider[ed] [Plaintiff's] treatment history. (*Id.*) This statement is insufficient to support a finding of a medical improvement because

the ALJ must "actually compare" the previous and current medical evidence to show that an improvement occurred. *Freeman*, 739 F.2d at 566 (finding that the ALJ's statement that the claimant no longer suffered from incapacitating pain could not support a finding of medical improvement because the ALJ did not compare the evidence supporting the claimant's entitlement to benefits against new evidence); *Gombash v. Comm'r, Soc. Sec. Admin.*, 566 F. App'x 857, 859 (11th Cir. 2014) (holding that a finding of a medical improvement "may not focus only on new evidence concerning disability, but must also evaluate the evidence upon which the claimant was originally found to be disabled"). Because the ALJ failed to make such a comparison, the ALJ's decision is reversed and the case is remanded for application of the correct legal standard. *Vaughn*, 727 F.2d at 1043.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **REVERSED** and the case is **REMANDED** under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

2. The Clerk of the Court is directed to enter judgment consistent with this Order.

**DONE** and **ORDERED** in Tampa, Florida, on June 13, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record